## Pellerito v. Seiden Sports Wear, Inc.

*Sidney M. DeAngelis*, for plaintiff.

*Jules Pearlstine*, for defendant.

GROSHENS, J., December 24, 1959.—This suit was instituted by the issuance of a writ of foreign attachment naming Liberty Mutual Insurance Company as garnishee. The debtor defendant, Seiden Sports Wear of New York, Inc., preliminarily objects on the grounds: (1) That the garnishee was not in possession of any property belonging to said defendant at the time of the service of the writ; and (2) that this court lacks jurisdiction because there was no "res" to be attached within the county when the writ was served.

The writ was served on July 15, 1959. The garnishee's report was filed on August 15, 1959, wherein is alleged a debt due defendant on July 15, 1959, of an unascertained amount consisting of the proceeds of a

contract of fire insurance entered into between the garnishee and defendant, and that the amount payable is to be determined in accordance with the terms of the insurance contract.

Pursuant to Pa. R. C. P. 4007, depositions of the garnishee's claims supervisor were taken by oral examination. The depositions support the allegation in the garnishee's report of an unliquidated claim for proceeds under a valid insurance contract.

Defendant's contention that a writ of foreign attachment may not be founded on an unliquidated ex contractu claim is without merit.

Ninety-seven years ago the Supreme Court held in The Girard Fire and Marine Insurance Company v. Field, 45 Pa. 129, that an unadjusted and unliquidated claim for a loss upon a policy of insurance against fire is subject to a writ of foreign attachment in the hands of the insurance company.

The early statutes relating to foreign attachment are consolidated and amended in the Act of April 24, 1931, P. L. 44, 12 PS §2891, et seq., which in turn is superseded as to procedure by the procedural rules.

Pa. R. C. P. 1252 provides that "a foreign attachment may be issued to attach property of a defendant . . . upon any cause of action at law . . .". Rule 1253 provides that "any person may be made a garnishee and shall be deemed to have possession of property of the defendant if he (1) owes a debt to the defendant; . . .".

Our examination of the statutes, rules and cases since the Girard case leads us to the conclusion that the Girard case correctly states the present law of Pennsylvania. Hence the preliminary objections are without merit.

### Order

And now, December 24, 1959, defendant's preliminary objections are dismissed, and defendant is allowed 20 days in which to answer.